**Charles W. DAY, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 87–3500.**

United States Court of Appeals, Federal Circuit.

Dec. 2, 1987.

Before NEWMAN, Circuit Judge, COWEN, Senior Circuit Judge, and BISSELL, Circuit Judge.

BISSELL, Circuit Judge.

Charles W. Day appeals the final decision of the Merit Systems Protection Board (Board), Docket Number DC08318710274, which affirmed the Office of Personnel Management's (OPM) refusal to waive repayment of retirement annuities improperly made to Mr. Day. We vacate and remand.

## BACKGROUND

On September 29, 1981, the appellant retired from a position with the Community Services Administration (CSA) because that agency was dissolved. Roughly one year later, the appellant became eligible for an appointment with the Department of Health and Human Services (HHS) because a court-directed inquiry by HHS resulted in an HHS determination that certain functions of CSA had been transferred to HHS. The appellant accepted the appointment, and HHS restored him to duty retroactively as of October 1, 1981.

When HHS restored Mr. Day to duty, he became entitled to back pay in the gross amount of $45,029.76. The government, nevertheless, made the following deductions from Mr. Day's back pay: $26,764.43 for retirement annuity payments received; $8,484.14 for a lump sum payment received on retirement, which represented the monetary value of unused annual leave; $3,152.08 for a further payment now due the retirement fund; $491.40 for a required payment to Medicare; and $6,139.71 for federal income tax withholding. These deductions exhausted Mr. Day's back pay award notwithstanding that the federal income tax obligation had not been satisfied by the deduction, and nothing had been withheld for District of Columbia income taxes.

HHS requested the General Accounting Office (GAO) to waive repayment of Mr. Day's lump sum annual leave payment, which GAO denied. The appellant then asked OPM, pursuant to its statutory authority, to waive reimbursement of the retirement annuities he had received. OPM denied this request, stating that under Federal Personnel Manual (FPM) Letter 550–76 (July 15, 1982), it could only waive repayment of that portion of Mr. Day's retirement annuities that exceeded his gross back pay award, and that because the annuities in this case were less than the back pay award, no waiver was possible.

The appellant appealed OPM's decision to the Board, which effectively adopted the OPM's reasoning, and affirmed. This appeal followed.

## ISSUE

Whether the Board erred as a matter of law in failing to direct the OPM to comply with the statutory requirements for determining whether to waive the repayment of the appellant's retirement annuities.

## OPINION

Section 8346(b), United States Code, Title 5, governs the disposition of this case. It states, in pertinent part, that "[r]ecovery of payments under this subchapter [retirement payments] may not be made from an individual when, in the judgment of the Office of Personnel Management, the individual is without fault and recovery would be against equity and good conscience." According to this statute, OPM must determine whether an employee was responsible for improper retirement payments, and if not, OPM must exercise its discretion in determining whether equity and conscience dictate waiver. There is no evidence in the record before us that OPM followed these simple statutory requirements. Therefore, the Board's decision must be vacated and remanded with instructions that the Board remand to OPM for it to properly consider Mr. Day's request in accordance with the statutory directives just cited.

In this case, both the Board and OPM erred as a matter of law in relying on FPM Letter 550–76 to hold that no waiver may occur unless the amount of improperly received retirement annuities exceeds the back pay award. There is nothing in section 8346(b), or its legislative history, to support this requirement. There is, moreover, no authority cited in FPM 550–76 to lead us to a different conclusion. The only authority we have found appears to the contrary. *Cortez v. Veterans Admin.*, 27 M.S.P.R. 648, 653 (1985). To the extent, therefore, that FPM Letter 550–76 may disagree with our holding in this case, it is inconsistent with the plain language of sec-

**1582**

tion 8346, and invalid. *Horner v. Jeffrey*, 823 F.2d 1521, 1530 (Fed.Cir.1987).

VACATED AND REMANDED.