**Charles W. DAY, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 89–3098.**

United States Court of Appeals, Federal Circuit.

April 27, 1989.

Charles W. Day, Washington, D.C., pro se.

Scott Verseman, Dept. of Justice, Washington, D.C., for respondent.

Before NEWMAN and BISSELL, Circuit Judges, and BENNETT, Senior Circuit Judge.

BENNETT, Senior Circuit Judge.

Petitioner Charles W. Day (Day) appeals the final decision of the Merit Systems Protection Board (MSPB or board), Docket No. DC831M8810491, affirming the Office of Personnel Management's (OPM) reconsideration decision denying Day's request for waiver of repayment of annuities collected from a back pay award. We affirm.

On remand, OPM was instructed to determine whether recovery by the government of retirement annuity payments made to Day was in accordance with the criteria set forth at 5 U.S.C. § 8346(b) (1982). *Day v. Office of Personnel Management,* 833 F.2d 1580 (Fed.Cir.1987). Familiarity with the facts in the published opinion is presumed. Section 8346(b) prohibits such recovery where "the individual is without fault and recovery would be against equity and good conscience." Otherwise, certain offsets are required by statutory and regulatory provisions governing back pay awards. 5 U.S.C. § 5596 (1982); 5 C.F.R. § 550.805(e) (1988); *Tanaka v. Department of the Navy,* 788 F.2d 1552 (Fed.Cir.

1986). Executive regulations have defined recovery to be against "equity and good conscience" where—

(1) It would cause financial hardship to the person from whom it is sought;

(2) The recipient of the overpayment can show (regardless of his or her financial circumstances) that due to the notice that such payment would be made or because of the incorrect payment either he/she has relinquished a valuable right or changed positions for the worse; or

(3) Recovery could be unconscionable under the circumstances.

5 C.F.R. § 831.1403(a) (1988).

Petitioner bears the burden of proving by substantial evidence that he is entitled to a waiver. 5 C.F.R. § 831.1407(b) (1988). "Financial hardship may be deemed to exist in—but not limited to—those situations where the annuitant from whom collection is sought needs substantially all of his/her current income and liquid assets to meet current ordinary and necessary living expenses and liabilities." 5 C.F.R. § 831.1404 (1988). The board found that Day failed to provide any information concerning his financial condition, although by order of the administrative judge, issued July 28, 1988, he was advised of the nature of proof required. The board also found Day failed to allege detrimental reliance. Thus, the petitioner did not meet his burden of proof to qualify on the grounds of either financial hardship or detrimental reliance for a waiver of recovery of payments. It is acknowledged, however, that after his retirement in 1981 because his agency, the Community Services Administration, was dissolved, the income of the former computer specialist was much reduced.

Petitioner's primary arguments are that the recovery resulted in an unexpected income tax liability and thus he has not been "made whole" by the back pay award. This argument is without merit and does not support the contention that a waiver is required since recovery would be unconscionable. The petitioner has been "made whole" financially as a result of receiving the back pay award despite the recovery of the erroneously paid annuity and tax liabili-

ty. The recovery of annuity payments, a lump sum payment for unused annual leave, the deductions for the amount due the retirement fund, the medicare payments, and the federal income tax withholding are only in accordance with what would have been done had Day worked the entire year in question rather than having been retired due to the reduction in force. The Back Pay Act specifically provides that OPM is empowered to promulgate regulations as necessary to carry out the Act. 5 U.S.C. § 5596(c) (1982). Those regulations provide that—

(e) In computing the amount of back pay under section 5596 of title 5, United States Code, and this subpart, an agency shall deduct—

. . . .

(2) Any erroneous payments received from the Government as a result of the unjustified or unwarranted personnel action, which, in the case of erroneous payments received from a Federal employee retirement system, shall be returned to the appropriate system. . . .

5 C.F.R. § 550.805(e) (1988).

The OPM correctly recovered the retirement annuity since a retirement annuity cannot start until separation from service and, in the instant appeal, petitioner's separation from service was nullified by accepting retroactive reinstatement. Thus, the deduction of retirement payments received due to an unjustified separation from service is authorized and directed by law and petitioner's contention of an error of law is without merit. *Riggs v. Office of Personnel Management,* 709 F.2d 1486, 1488 (Fed.Cir.1983). What he seeks here by receiving full back pay and retention of the annuity payments is a windfall benefit. While Day's separation was improper it did not warrant a finding that OPM's recovery of the annuity payments would be unfair or illegal. Recovery in a back pay case is limited to the pay lost. This also disposes of Day's claim that consideration should have been given to his alleged humiliation and emotional harm in ruling on his waiver claim.

Finally, as to Day's argument that recovery of the payments made to him would be against equity and good conscience because it would be unconscionable under the circumstances, we note that the OPM decision of July 5, 1988, stated:

OPM will waive the recovery of an erroneous payment on the grounds of unconscionability, only if the action or lack of action by OPM in causing or increasing the payment to be recovered was flagrantly inconsistent with normal case processing activities (i.e., there were excessive delays or egregious errors). A review of the record in your file shows that all actions taken by OPM in making the payments between October 1, 1981, and November 30, 1982, were timely and proper. While the CSA's action in separating you may have been improper, that fact, by itself, does not warrant a finding that OPM's recovery of the annuity payments would be inequitable (unconscionable).

Mr. Day does not show us how OPM's definition of unconscionability is in error, how OPM could legally ignore the recapture statute we have quoted, or how it has violated its own definition of unconscionability by making an egregious error of procedure inconsistent with normal case processing activities.

By exhaustive reconsideration the OPM has dutifully complied with this court's direction that discretion be exercised to determine whether equity and good conscience dictate waiver of recapture of the erroneously paid annuity. The OPM could find no grounds to do so and the MSPB agreed. These decisions have a rational basis. Mr. Day cannot justly complain when the Office of Personnel Management has fulfilled its, and his, legal obligations. We do not find the board's findings to be

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulations having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1982); *Hayes v. Department of Navy*, 727 F.2d 1535, 1537 (Fed.Cir.1984).

AFFIRMED.