John TYREE, Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT, Respondent.

No. 01–3143.

United States Court of Appeals, Federal Circuit.

Oct. 9, 2001.

Before MAYER, Chief Judge,
NEWMAN and CLEVENGER, Circuit
Judges.

PER CURIAM.

John W. Tyree seeks review of the July 28, 2000, decision of the Merit Systems Protection Board, No. PH0845000256I–1, which found he had been overpaid benefits in the Federal Employees' Retirement System (FERS). We *affirm*.

Tyree applied for FERS disability retirement benefits in April 1994. At that time, the Office of Personnel Management (OPM) instructed Tyree to apply with the Social Security Administration (SSA) as well, explaining that the receipt of any such benefits would proportionally reduce his FERS annuity. Tyree applied with SSA but was denied benefits. In 1998, SSA reconsidered Tyree's application and determined that the initial denial of benefits was incorrect and Tyree was entitled to benefits retroactively to 1995. Because Tyree's FERS benefits should have been reduced in an amount proportional to his social security benefits, SSA's decision to retroactively pay him resulted in an overpayment by FERS of $19,799.00. OPM ordered repayment. Tyree requested reconsideration of OPM's decision and that OPM waive repayment.

Recovery of an overpayment may be waived "when (a) the annuitant is without fault and (b) recovery would be against equity and good conscience." 5 C.F.R. § 845.301 (2000); 5 U.S.C. § 8470(b) (1994). The annuitant bears the burden of proving by substantial evidence that he is entitled to a waiver or an adjustment. 5 C.F.R. § 845.307(b) (2001); *Day v. Office of Personnel Management*, 873 F.2d 291, 292 (Fed.Cir.1989). Generally, recovery of an overpayment would be against equity and good conscience when (1) it would cause financial hardship; (2) the recipient can show that he relinquished a valuable right or changed positions for the worse as a result of the overpayment; or (3) it would be unconscionable under the circumstances. 5 C.F.R. § 845.303.

Both OPM and the board found that the overpayment was not the result of any fault on the part of Tyree; however, the board found that Tyree was not entitled to a waiver of repayment.

Our review is limited to setting aside any action that is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994). *See Yates v. M.S.P.B.*, 145 F.3d 1480, 1483 (Fed.Cir.1998).

Substantial evidence supports the board's finding that Tyree was overpaid by FERS. OPM submitted several financial statements and a detailed calculation illustrating the overpayment. Additionally, substantial evidence supports the board's finding that Tyree failed to meet his burden of proof. He refused, on several occasions, to provide any information regarding his financial situation citing privacy concerns. Even after the board telephoned him to request that he complete a financial resources questionnaire and explained to him the repercussions of failing to do so, Tyree continued to refuse to provide information. Therefore, substantial evidence supports the board's finding that he is not entitled to a waiver of repayment.