# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROBERT ALAN HELFMAN,
        Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,
        Agency.

DOCKET NUMBER
SF-831M-14-0084-I-1

DATE: August 18, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Robert Alan Helfman, Rancho Santa Margarita, California, pro se.

Karla W. Yeakle, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management's (OPM's) reconsideration decision. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        OPM found that the appellant was overpaid disability retirement benefits in the amount of $3,817.73.  Initial Appeal File (IAF), Tab 6 at 13.  OPM explained that the overpayment occurred in large part because the appellant's gross interim payments were made without the applicable health and life insurance premium deductions.  *Id*.  OPM denied the appellant's request for waiver of the overpayment and collection of the overpayment amount in monthly installments of $106.00.  *Id*.

¶3        On appeal, the administrative judge found that OPM met its burden to prove the existence and amount of the overpayment.  IAF, Tab 10, Initial Decision (ID) at 2-3.  He also found that the appellant failed to meet his burden to show entitlement to waiver.  ID at 3-6.  He found that the appellant failed to show that recovery would cause him financial hardship because he had liquid assets in excess of $80,000.  ID at 3-4.  The administrative judge also found that the appellant failed to show that, based on the calculation of his income including the overpayment amount, his college age daughter was denied financial aid.  ID at 4.  The administrative judge found that the appellant failed to submit any evidence in support of the assertion that his daughter was denied a grant to pay for her college

tuition because the overpayment amount caused the appellant's income to exceed the income that would have allowed his daughter to receive the grant. ID at 4. Additionally, the administrative judge found that any increase in the appellant's tax burden as a result of the overpayment was not a basis for waiver. ID at 5. Finally, the administrative judge found that the appellant failed to show that recovery of the overpayment would be unconscionable because OPM's delay in responding to the appellant's disability retirement application, and certain delays in correspondence with him in correcting the annuity amount, were not within the parameters found to be unconscionable by the Board. ID at 5-6.

¶4    In his petition for review, the appellant asserts that he was harmed in the presentation of his case because OPM's representative did not participate in the prehearing conference, or at the hearing, and he could not complete discovery. Petition for Review File, Tab 1 at 3-6. Discovery is the process by which a party may obtain relevant information from another party to an appeal. 5 C.F.R. § 1201.72(a). Each party to an appeal is responsible for discovery. *See Campbell v. U.S. Postal Service*, 51 M.S.P.R. 122, 125 (1991). The Board generally does not involve itself in the discovery process unless a party files a motion to compel.[2] *See King v. Department of the Navy*, 98 M.S.P.R. 547, ¶ 10 (2005), *aff'd*, 167 F. App'x 191 (Fed. Cir. 2006). To the extent that the appellant believed that he could have engaged in discovery by making a request for information from OPM's representative during the processing of the appeal, at the prehearing conference, or at the hearing, he could have timely raised this issue to the administrative judge even in the absence of OPM's representative. The

---

[2] Parties must file written motions to compel within 10 days of the date of service of objections or the expiration of the time limit for response, where no response has been received. 5 C.F.R. § 1201.73(d)(4). As required by the Board's regulations, a motion to compel must be accompanied by the following: (i) a copy of the original request and a statement showing that the information sought is relevant and material; and (ii) a copy of the opposing party's response to the request or, where appropriate, an affidavit or sworn statement under 28 U.S.C. § 1746 indicating that no response has been received. 5 C.F.R. § 1201.71.

appellant failed to show that he informed the administrative judge that he intended to discover information during the processing of the appeal, at the prehearing conference, or at the hearing. If the appellant had so informed the administrative judge, the administrative judge could have reminded the appellant of the Board's discovery procedures, answered any questions about discovery that the appellant may have had, and then removed himself from the discovery process. *See Christofili v. Department of the Army*, 81 M.S.P.R. 384, ¶ 15 (1999).

¶5    The appellant also contends that, because of the absence of OPM's representative from the prehearing conference and at the hearing, he was unable to present his case that, based on the calculation of his income including the overpayment amount, his college-age daughter was denied financial aid. The appellant, however, could have submitted such evidence into the record after the prehearing conference, at the hearing, or during the 3-month period between his initial submission and the issuance of the initial decision. *See Burke v. Department of Veterans Affairs*, 121 M.S.P.R. 299, ¶ 18 (2014). The appellant thus has failed to show that he was harmed by the absence of OPM's representative.

¶6    In his petition for review, the appellant alleges that the administrative judge was biased because he urged the appellant to accept the agency's settlement offer. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). The party must show that any such bias constitutes extrajudicial conduct rather than conduct arising in the administrative proceedings before him. *Ali v. Department of the Army*, 50 M.S.P.R. 563, 568 (1991). In settlement negotiations, administrative judges are permitted to inform the parties of the relative strengths and weaknesses of their cases. *Forston v. Department of the Navy*, 60 M.S.P.R. 154, 160 (1993). Such statements do not indicate bias or

coercion.  *Id*.  Further, the appellant made no showing that the administrative judge had prejudged his case.  The administrative judge's comment that the appellant should accept the agency's settlement offer was made in his role as an adjudicator; it was not extrajudicial conduct but his appraisal of the appellant's likelihood of success if the appellant elected to pursue adjudication of his appeal.  *See Cranfield v. Tennessee Valley Authority*, 44 M.S.P.R. 384, 388 (1990) (the administrative judge's comments to the parties reflecting the weaknesses of their cases did not reflect any prejudgment or preconceived notions as to the appeal).

¶7        Next, the appellant repeats his contention that he is entitled to a waiver of the overpayment because his receipt of the overpayment increased his taxes.  In *Slater v. Office of Personnel Management*, 42 M.S.P.R. 510, 519-21 (1989), the Board found that an increase in an appellant's tax burden because of an overpayment does not warrant waiver of the overpayment on the basis of detrimental reliance or unconscionability.  A similar argument was raised in *Day v. Office of Personnel Management*, 873 F.2d 291, 292 (Fed. Cir. 1989).  In that case, the plaintiff alleged that recovery of his annuity overpayment was improper partly because the recovery resulted in an unexpected income tax liability.  The court found that the recovery was not unconscionable or otherwise improper and that waiver of the recovery therefore was not warranted.  *Id*. at 292-94.  Here, the appellant has not shown that the recovery of the amount of the annuity overpayment would be unconscionable.  We therefore find that the appellant has not shown that he is entitled to waiver based on his tax liability for the overpayment amount.[3]

¶8        The appellant also repeats his contention that OPM's 1-year delay in adjusting his annuity was unconscionable and that the overpayment should be

---

[3] The appellant did not challenge the existence or the amount of the overpayment below, ID at 3, or on petition for review.  There is no evidence that the appellant is unable to collect the tax overpayment resulting from his annuity overpayment.  *See Vojas v. Office of Personnel Management*, 115 M.S.P.R. 502 (2011).

waived on that basis.  As the administrative judge correctly found, however, OPM's delay in the appellant's case was not egregious.  *See, e.g.*, *Kellet v. Office of Personnel Management*, 62 M.S.P.R. 1, 4-5 (1993) (delay of 10 years in adjusting an annuity found unconscionable); *Cassity v. Office of Personnel Management*, 55 M.S.P.R. 25, 29 (1992) (55-month delay in adjusting annuity to honor election of survivor annuity benefits was unconscionable in the absence of an explanation for the delay), *overruled in part on other grounds*, *Steele v. Office of Personnel Management*, 57 M.S.P.R. 458, 461–63 (1993).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.

Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.