# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DEFOREST J. PETERSDORF,
           Appellant,

        v.

OFFICE OF PERSONNEL
   MANAGEMENT,
           Agency.

DOCKET NUMBER
SF-831M-15-0452-I-1

DATE: December 8, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Paul Meadowbrook</u>, Esquire, Albany, Oregon, for the appellant.

<u>Kristine Prentice</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying the appellant's request for a waiver of the overpayment of annuity benefits. Generally, we grant petitions such as this one only when: the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The appellant retired under the Civil Service Retirement System (CSRS) effective in March 2008.[2] Initial Appeal File (IAF), Tab 6 at 32-35. At that point, he elected a partial survivor annuity for his spouse. *Id*. at 34. In June 2009, he faxed a request to OPM to increase his survivor annuity. IAF, Tab 6 at 27, Tab 14, Hearing Compact Disc (HCD). According to the appellant, OPM confirmed receipt of his request over the telephone later that month. HCD; IAF, Tab 6 at 14. The appellant stated that he again contacted OPM in October 2009 and June 2010 and that OPM assured him at those times that he would be contacted soon. HCD; IAF, Tab 6 at 14. The appellant stated that he sent additional information to OPM in April 2011, but, after hearing nothing from

---

[2] Because the regulations relating to overpayments under CSRS and the Federal Employees' Retirement System (FERS) are substantively identical, we have relied on cases involving overpayments under FERS in our analysis of the present appeal. *Compare* 5 C.F.R. §§ 831.1401-1407, *with* 5 C.F.R. §§ 845.301-307; *see James v. Office of Personnel Management*, 72 M.S.P.R. 211, 216 n.3 (1996).

OPM, assumed that his request was lost or denied. IAF, Tab 6 at 14. OPM acknowledged the appellant's request when it issued a letter in August 2014, sixty-two months after the appellant faxed his request. *Id*. at 20-21. OPM stated that it had received the appellant's request to change his survivor election and informed him that he should complete and sign the attached election form if he still wanted to change his survivor election. *Id*. OPM also informed the appellant that he had to pay a required deposit of $9,289.50, which covered the first 18 months after his retirement. *Id*. at 22. OPM further stated that, after the appellant made this deposit, it then would calculate the overpayment covering the period after the first 18 months following his retirement until the present (August 2014). *Id*. at 20-22. The appellant paid the $9,289.50 deposit covering the first 18 months after his retirement. *Id*. at 15, 22.

¶3 In September 2014, OPM notified the appellant that the overpayment for the period from September 2009 to August 2014 was $11,948.06 and that it would collect this overpayment in 36 installments of $331.89 and a final installment of $0.02. IAF, Tab 6 at 15-16. The appellant requested a waiver of the overpayment. *Id*. at 11. In his request, he asserted, inter alia, that the lengthy delay of more than 5 years in processing his election was not his fault, it would be unfair to expect him to repay the overpayment since he did not cause the delay, and timely processing of his original request would have eliminated the overpayment. *Id*. at 13. The appellant did not, however, submit a financial resources questionnaire, which OPM stated was required for waiver requests based upon financial hardship. *Id*. at 17. OPM issued a reconsideration decision in February 2015 affirming its initial overpayment decision. *Id*. at 6-9.

¶4 The appellant filed this Board appeal challenging the reconsideration decision. IAF, Tab 1. He requested a hearing. *Id*. During a telephonic prehearing conference, the appellant stated that he was not disputing the amount of the overpayment and was not claiming financial hardship, but that he was instead asserting that recovery of the overpayment would be unconscionable and

that OPM was grossly negligent.  IAF, Tab 13.  At that time, OPM acknowledged that the appellant was not at fault in creating the overpayment.  *Id.*  After holding the requested hearing, the administrative judge issued an initial decision affirming OPM's reconsideration decision.  IAF, Tab 15, Initial Decision (ID).  Specifically, she found that the appellant failed to establish, by substantial evidence, that he was entitled to a waiver of the overpayment based upon equity and good conscience.  ID at 4-6.

¶5        The appellant has filed a timely petition for review.  Petition for Review (PFR) File, Tab 3.  On review, he asserts that:  (1) had OPM timely processed his request, there would be no second overpayment charge of $11,948.06, which, he presumes, includes principal, interest, and a 24.5 percent service charge; (2) OPM has not offered an explanation for its delay and was grossly negligent; and (3) the Board should remand the appeal to OPM to explain why it failed to act on the appellant's request in a timely fashion and to state how much additional interest and service charges resulted from the long delay in acting on the request.  *Id.* at 6-7.  OPM has responded in opposition to the petition for review.  PFR File, Tab 6.

### DISCUSSION OF ARGUMENTS ON REVIEW

¶6        OPM bears the burden of proving, by preponderant evidence, the existence and amount of an annuity overpayment.[3]  *Davis v. Office of Personnel Management*, 109 M.S.P.R. 48, ¶ 7 (2008) (citing 5 C.F.R. § 831.1407(a)).  If the appellant claims a waiver of the overpayment, he bears the burden of establishing his entitlement to a waiver by substantial evidence.[4]  *Id.*, ¶ 11 (citing 5 C.F.R.

---

[3] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

[4] Substantial evidence is defined as the degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree.  5 C.F.R. § 1201.4(p).  This is a lower standard of proof than preponderance of the evidence.  *Id.*

§ 831.1407(b)).  A waiver may be granted when the annuitant is without fault and recovery would be against equity and good conscience.  *Id*. (citing 5 U.S.C. § 8346(b), 5 C.F.R. § 831.1403(a)).  Generally, recovery is against equity and good conscience when:  it would cause financial hardship; the annuitant can show that, because of the overpayment, he relinquished a valuable right or changed positions for the worse; or recovery would be unconscionable under the circumstances.  *Id*. (citing 5 C.F.R. § 831.1403(a)).

¶7        Here, we agree with the administrative judge that the existence and amount of the overpayment is not in dispute and is supported by the record.  ID at 3; IAF, Tab 6 at 10.  We also agree with the administrative judge that the appellant was without fault in creating or contributing to the overpayment, which was due to OPM's failure to timely adjust his annuity after he requested to provide an increased survivor annuity for his spouse.  ID at 4; IAF, Tab 6 at 20, 27.  Thus, the only issue for us to decide is whether the appellant is entitled to a waiver based upon equity and good conscience.  The appellant does not assert that recovery of the annuity would cause him financial hardship or that he relinquished a valuable right or changed positions for the worse.  IAF, Tab 13. We therefore only must determine whether the appellant has shown that he is entitled to a waiver based upon the fact that recovery of the overpayment would be unconscionable.  As explained below, we find that the appellant has not shown that he is entitled to a waiver on this basis.

¶8        The Board will consider all relevant factors under a "totality-of-the-circumstances" approach to determine whether recovery of an annuity overpayment is unconscionable.  *Spinella v. Office of Personnel Management*, 109 M.S.P.R. 185, ¶ 7 (2008).  The unconscionability standard is a high one, and a waiver based on this standard will be granted only under exceptional circumstances.  *Id*.  Such circumstances include, but are not limited to, cases where there has been an exceptionally lengthy delay by OPM in adjusting an annuity, or where OPM is otherwise grossly negligent in handling

the case. *Id*. Further, egregious delay by OPM may justify a finding that recovery would be unconscionable. *Id*. However, a lengthy delay in adjusting an annuity is not by itself a finding of unconsionability. *Id*., ¶ 9.

¶9        We find that OPM's 62-month delay in processing the appellant's request for an increased survivor annuity was lengthy and OPM did not justify the delay. However, we find that the length of the delay is insufficient on its own to establish that recovery of the overpayment would be unconscionable. The Board has previously found that a 55-month delay between the appellant's election and the processing of the election was, based on the totality of the circumstances, egregious and that recovery was thus unconscionable. *Cassity v. Office of Personnel Management*, 55 M.S.P.R. 25, 28-29 (1992), *overruled on other grounds by Steele v. Office of Personnel Management*, 57 M.S.P.R. 458, 461-63 (1993). Conversely, the Board has found that a 79-month delay in correcting an appellant's high-3 average salary and adjusting his annuity did not constitute gross negligence and that, absent other exceptional circumstances, recovery of the resulting overpayment was not unconscionable. *Spinella*, 109 M.S.P.R. 185, ¶ 10. Thus, although we do not absolve OPM of its unexplained failure to adjust the appellant's annuity, we must consider other factors in determining whether recovery of the overpayment would be unconscionable.

¶10       First, we find that the appellant's choice to confirm his election after OPM notified him that he would incur an additional overpayment weighs against a finding that recovery is unconscionable. In August 2014, OPM notified the appellant that, if he still wanted to change his survivor annuity election, he should make the required deposit covering the first 18 months after his retirement. IAF, Tab 6 at 20-22. OPM also stated that if the appellant made this deposit, it would then calculate the overpayment he owed for the period after the first 18 months after his retirement. *Id*. at 22. If the appellant did not want to incur an additional overpayment, he could have chosen not to change his election. However, he paid

the initial deposit and pursued his election, despite having been notified that he would later be required to repay an additional overpayment. *Id*. at 15, 22.

¶11    Second, we find the fact that the overpayment occurred after the appellant made a voluntary election that was not an attempt to remedy any prior errors also weighs against a finding that recovery is unconscionable. Although he initially elected a partial survivor annuity at retirement, the appellant voluntarily decided to change this annuity to a full survivor annuity. IAF, Tab 6 at 27; *see* 5 C.F.R. § 831.622(b)(1). The appellant does not claim that this change was an attempt to remedy any prior errors. The U.S. Court of Appeals for the Federal Circuit has held that recovery of an overpayment is not against equity and good conscience when the overpayment resulted from the voluntary acts of the appellant. *Day v. Office of Personnel Management*, 873 F.2d 291, 293 (Fed. Cir. 1989) (finding that recovery of an overpayment was not against equity and good conscience where the overpayment resulted from the appellant's voluntary acceptance of his restoration to duty); *see Day v. Office of Personnel Management*, 833 F.2d 1580, 1581 (Fed. Cir. 1987). Moreover, OPM's *Policy Guidelines* state that recovery of overpayments caused by a nonremedial voluntary election with a retroactive effective date is automatically not against equity and good conscience. *Policy Guidelines on the Disposition of Overpayments under the Civil Service Retirement System and Federal Employees' Retirement System* § I.C.5.d (1995) (hereinafter *Policy Guidelines*), located in IAF, Tab 6 at 42-76. The Board has held that the *Policy Guidelines* are entitled to great deference. *See, e.g.*, *Hunter v. Office of Personnel Management*, 109 M.S.P.R. 514, ¶ 14 (2008), *aff'd*, No. 2008-3354, 2009 WL 174169 (Fed. Cir. Jan. 27, 2009). Thus, we find the voluntary and retroactive nature of the appellant's election weighs against a finding that recovery would be unconscionable.

¶12    We additionally find that OPM's actions after its discovery of the overpayment weigh against a finding that collection of the overpayment would be unconscionable. After OPM formally acknowledged the appellant's application

in August 2014, and he paid the deposit for the 18 months after his retirement, OPM issued a notice in September 2014 that informed him of the additional overpayment that he owed. IAF, Tab 6 at 15. The appellant requested a waiver of the overpayment at the end of September 2014. *Id*. at 11-12. OPM issued its reconsideration decision at the end of February 2015. *Id*. at 6-9. We find that OPM's response after August 2014 constitutes relatively prompt action and thus find that the response time weighs against a finding that recovery would be unconscionable.[5] *See Taylor v. Office of Personnel Management*, 87 M.S.P.R. 214, ¶ 20 (2000).

¶13    Finally, although the appellant asserts that OPM's delay has resulted in an additional service charge and additional interest that was added to his second overpayment, this is not the case. PFR File, Tab 3 at 6-7. As required by regulation, the overpayment of $9,289.50 for the appellant's first 18 months after retirement included a principal of $3,404.83, interest of $423.61, and a 24.5% service charge of $5,461.06 (election survivor base amount of $44,835.03 – prior survivor base amount of $22,545.00 x 24.5%). IAF, Tab 6 at 22; *see* 5 C.F.R. §§ 831.622(b)(1), 831.662. Conversely, the appellant's overpayment for the time after the first 18 months was calculated strictly by subtracting the gross annuity that was due to him if he had elected the maximum survivor annuity from the annuity that was paid to him during that same period. IAF, Tab 6 at 10-11. Thus, although the appellant already paid interest and a service charge as part of the

---

[5] *Policy Guidelines* § 1.C.4. provides that individuals who know or suspect that they are receiving overpayments are expected to set aside the amount overpaid pending recoupment and that, absent exceptional circumstances, recovery of such overpayments is not against equity and good conscience. IAF, Tab 6 at 53; *see Zucker v. Office of Personnel Management*, 114 M.S.P.R. 288, ¶ 7 (2010). Here, the appellant stated that he assumed that his request was denied after OPM did not respond to his April 2011 submission. IAF, Tab 6 at 14. Because we find that recovery of the overpayment is otherwise not against equity and good conscience, we need not address whether the appellant should have set aside the overpayment amount.

deposit to cover the first 18 months after his retirement, the overpayment at issue does not include these additional charges.

¶14    In light of the foregoing, including our consideration of the totality of the circumstances, and the fact that the unconscionability criterion is a high standard justifying waiver only under exceptional circumstances, we find that the appellant has failed to meet his burden.  Accordingly, we deny his petition for review and affirm the initial decision.[6]

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States

---

[6] The appellant has not requested an adjustment of the repayment schedule and has not submitted either a financial resources questionnaire or other financial data. Accordingly, we do not address the issue of whether the appellant is entitled to an adjustment of the repayment schedule based on financial hardship.

Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____

William D. Spencer
Clerk of the Board

Washington, D.C.