# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DONALD KENNETH CHARNEY,<br>Appellant,<br><br>v.<br><br>OFFICE OF PERSONNEL<br>MANAGEMENT,<br>Agency. | DOCKET NUMBER<br>PH-0831-19-0239-I-1<br><br><br>DATE: June 14, 2024 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Donald Kenneth Charney</u>, New York, New York, pro se.

<u>Carla Robinson</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management's (OPM) final decision regarding a Federal Employees' Retirement System (FERS) annuity overpayment.  Generally,

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED below regarding the existence and amount of the overpayment, we AFFIRM the initial decision.

## BACKGROUND

¶2      The following facts are undisputed. The appellant retired from Federal service under FERS on January 3, 1999. Initial Appeal File (IAF), Tab 14 at 108-15. He was unmarried at the time and elected an unreduced annuity payable only during his lifetime. *Id*. at 108. On March 21, 2005, the appellant married. *Id*. at 42. On April 29, 2005, he appeared in person at OPM Headquarters and completed the necessary forms to elect a reduced annuity to provide survivor benefits for his wife. *Id*. at 28. It was not until 2014 that the appellant realized that OPM had never reduced his annuity or otherwise put his 2005 survivor benefit election into effect. *Id*.

¶3      On October 18, 2014, the appellant requested that OPM provide him with a reduced annuity in accordance with his earlier election. *Id*. at 23. OPM denied the request, but after the appellant filed a Board appeal, OPM rescinded its decision and decided to allow the election. IAF, Tab 14 at 77, 80-85; *Charney v.*

*Office of Personnel Management*, MSPB Docket No. NY-0842-18-0033-I-1, Appeal File, Tab 15.  On June 15, 2018, OPM notified the appellant that he would have 60 days to complete and return a survivor annuity election form.  IAF, Tab 14 at 46-51.  OPM also notified the appellant that the election would be retroactive to January 1, 2006, the first day after the 9-month period beginning the date of his marriage.  *Id*. at 46.  It therefore informed him that, if he elected a survivor annuity, he would be in an overpayment status due to his receipt of an unreduced annuity since that date.  *Id*. at 49.  OPM also informed the appellant of the estimated amounts of overpayment and proposed collection schedules, depending on whether he elected a full or partial survivor benefit.  *Id*.  On or about July 19, 2018, the appellant indicated his election of a full survivor benefit.  *Id*. at 41.

¶4    On August 7, 2018, OPM issued an initial decision, informing the appellant that, due to his survivor annuity election, he had incurred an overpayment of $28,487, which it intended to collect in 79 monthly installments of $360.30 and a final installment of $23.30.[2]  *Id*. at 33-36.  The appellant filed a request for reconsideration, challenging the amount of the overpayment and asking that it be reduced to account for OPM's delay in allowing the election.  *Id*. at 18-21.  On April 12, 2019, OPM issued a final decision affirming its initial decision.  *Id*. at 15-17.

¶5    The appellant filed a Board appeal challenging OPM's decision and again requesting an adjustment to the amount of the overpayment.  IAF, Tab 1.  He waived his right to a hearing.  IAF, Tab 17, Initial Decision (ID) at 1.  After the close of the record, the administrative judge issued an initial decision affirming OPM's final decision.  ID.  She found that OPM proved the existence and amount

---

[2] OPM's June 15, 2018 estimate notified the appellant that, if he elected the full benefit, he could expect to incur a $28,273 overpayment with a collection schedule of $360.30 for 78 months and a final installment of $179.80.  IAF, Tab 14 at 49.  Considering the passage of time between this estimate and the appellant's July 19, 2018 response, it appears that the estimate was accurate.

of the overpayment, and that the appellant did not establish that the overpayment should be waived or the collection schedule adjusted. ID at 3-5.

¶6      The appellant has filed a petition for review, arguing that the overpayment should be recalculated to exclude the period of time that OPM had failed to recognize his survivor annuity election. Petition for Review (PFR) File, Tab 1. OPM has filed a response. PFR File, Tab 4.

## ANALYSIS

¶7      OPM bears the burden of proving the existence and amount of an annuity overpayment by preponderant evidence. *Vojas v. Office of Personnel Management*, 115 M.S.P.R. 502, ¶ 10 (2011). In this case, the administrative judge found that the appellant did not dispute the existence or the amount of the overpayment. ID at 3. However, the appellant argues on petition for review that he did dispute the amount of the overpayment. PFR File, Tab 1 at 4. Specifically, he argued below, as he does on review, that "[t]he amount should be recalculated to reflect the dates benefits would have been available." IAF, Tab 1 at 4; PFR File, Tab 1 at 4. According to the appellant's theory of the case, if he had died before the date that OPM accepted his survivor annuity election, his wife would not have received any survivor benefit. He argues that, because survivor benefits were not actually available for his wife prior to OPM's acceptance of the survivor annuity election in 2018, he should not be required to pay for them as though they were. IAF, Tab 1 at 4, Tab 6 at 4. The appellant asserted that he was without fault and that "recovery would be against equity and good conscience," thus suggesting that he was seeking a waiver. IAF, Tab 6 at 4; *see* 5 U.S.C. § 8470(b); 5 C.F.R. § 845.301. However, he also stated that "the commencement date used in calculating the overpayment is the sole issue in this case," thus suggesting that he was disputing the amount of the overpayment. IAF, Tab 6 at 4. Construing this pro se appellant's pleadings in the most favorable light possible,

we find that he was making two alternative arguments, the first disputing the amount of the overpayment and the second requesting a partial waiver.

<u>OPM proved the existence and the amount of the overpayment.</u>

¶8    An employee who is unmarried at the time of retiring and who later marries may irrevocably elect, within 2 years after the marriage, a reduction in his current annuity in order to provide a survivor annuity for his spouse. 5 U.S.C. § 8416(c) (1); *Larson v. Office of Personnel Management*, 93 M.S.P.R. 433, ¶ 7 (2003); 5 C.F.R. § 842.612(a).

¶9    The basic premise of the appellant's argument for recalculating the overpayment amount is that he did not make his survivor annuity election until 2018. However, we find that the appellant made his election in 2005, and that OPM merely waited until 2018 to implement it. This is reflected in the language of OPM's initial and final decisions. IAF, Tab 14 at 15, 33. Moreover, accepting the appellant's argument would entail a finding that OPM waived the 2-year statutory deadline for making the election, but OPM would not have been authorized to do so under the facts of this case. There are only three possible bases for waiving a statutory deadline, none of which apply here: (1) The statute may provide for a waiver under specified circumstances; (2) an agency's affirmative misconduct may preclude enforcement of the deadline under the doctrine of equitable estoppel; and (3) an agency's failure to provide a notice of rights and the applicable filing deadline, where such notice is required by law, may warrant a waiver of the deadline. *Lee v. Office of Personnel Management*, 118 M.S.P.R. 604, ¶ 4 (2012). Regarding the first possibility, the statute itself does not provide for waiver under the circumstances of this case.[3] Regarding the

---

[3] Neither the Board nor the United States Court of Appeals for the Federal Circuit has recognized any statutory waiver provision for the 2-year deadline in 5 U.S.C. § 8416(c) (1). *See, e.g.*, *Schoemakers v. Office of Personnel Management*, 180 F.3d 1377, 1381-82 (Fed. Cir. 1999) (finding no statutory mechanism to waive the Civil Service Retirement System (CSRS) survivor annuity election deadline based on mental incapacity); *see also Larson v. Office of Personnel Management*, 93 M.S.P.R. 433, ¶ 7 (2003) (finding the FERS survivor annuity deadline to be "basically indistinguishable"

second possibility, although OPM may have been negligent in failing to effect the appellant's 2005 election, negligence does not amount to the affirmative misconduct required to waive a filing deadline based on equitable estoppel. *See Nunes v. Office of Personnel Management*, 111 M.S.P.R. 221, ¶ 19 (2009). Regarding the third possibility, OPM submitted evidence that it mailed the appellant the required annual notice of his survivor annuity election rights from the date of his retirement through the close of the election period, and the appellant has not rebutted this evidence.[4] IAF, Tab 14 at 90-93; *see Cartsounis v. Office of Personnel Management*, 91 M.S.P.R. 502, ¶¶ 6-7 (2002). In sum, based on the plain language of OPM's decision letters and its inability to waive the election deadline, we find that the appellant made his election in 2005, and not in 2018.

¶10    Moreover, even if the appellant had made his election in 2018, the statute plainly requires that "[t]he election and reduction shall take effect the first day of the first month beginning 9 months after the date of marriage." 5 C.F.R. § 8416(c)(2). The statute makes no distinction between elections made during the 2-year period in 5 U.S.C. § 8416(c)(1) and elections made after the 2-year period. Therefore, regardless of when the election was made, we find that OPM did not err in making the election and reduction retroactive to January 1, 2006, the first day after the 9-month period beginning the date of the appellant's March 21, 2005 marriage. IAF, Tab 14 at 46.

¶11    Having found that the dates that OPM used to calculate the overpayment were correct under the law, we agree with the administrative judge that OPM provided sufficient evidence of its calculations to prove the amount of the overpayment in question, and that the appellant did not rebut those calculations. ID at 3; IAF, Tab 14 at 40. We therefore agree with the administrative judge that

_____

from the CSRS survivor annuity deadline).

[4] Even if OPM had not sent the required annual notice, the appellant's 2005 survivor annuity application shows that he was actually aware of his election rights during the relevant time period.

OPM established the existence of an overpayment in the amount of $28,487. ID at 3; IAF, Tab 14 at 15.

The appellant has not shown that recovery of the overpayment should be waived.

¶12 Recovery of an overpayment may not be made from an individual when, in the judgment of OPM, the individual is without fault and recovery would be against equity and good conscience. 5 U.S.C. § 8470(b); 5 C.F.R. § 845.301. Generally, recovery of an overpayment would be against equity and good conscience when: (1) it would cause financial hardship; (2) the recipient of the overpayment can show that he relinquished a valuable right or changed positions for the worse as a result of the overpayment; or (3) it would be unconscionable under the circumstances. 5 C.F.R. § 845.303. The Board will consider all relevant factors under a "totality of-the-circumstances" approach to determine whether recovery of an annuity payment is unconscionable. *Wilcox v. Office of Personnel Management*, 46 M.S.P.R. 377, 382-83 (1990). The annuitant bears the burden of establishing his entitlement to a waiver by substantial evidence. 5 C.F.R. § 845.307(b); *see also* 5 C.F.R. § 1201.56(b)(2)(ii).

¶13 In this case, the administrative judge found that the appellant did not assert financial hardship or detrimental reliance on the overpayment. ID at 4. She considered the appellant's argument that recovery would be unconscionable because his wife would not have received the annuity benefit if he had died during the time of the retroactive period, but she disagreed because the appellant voluntarily elected the survivor annuity and was put on notice that his election would create an overpayment. ID at 4-5.

¶14 To the extent that the appellant's petition for review constitutes a challenge to this finding, we agree with the administrative judge that recovery would generally not be unconscionable when an overpayment resulted from a voluntary election of alternative benefits, particularly where the exact amount of the overpayment was known in advance. ID at 5. Moreover, we note that the appellant's argument is premised on a hypothetical that did not actually occur; the

appellant did not die during the period of retroactivity, and his wife was not thereby denied survivor benefits due to OPM's error.[5]  Given that the appellant survived this period, we find that he is now essentially seeking a windfall, to avoid paying for the reduction in his basic annuity that would have occurred but for OPM's mistake.  *See Day v. Office of Personnel Management*, 873 F.2d 291, 293 (Fed. Cir. 1989).  OPM has now rectified its 2005 administrative error, and the appellant is now no worse off for it.  The principles of equity and good conscience do not require that the Board make him better off than if the error had not occurred.[6]  *Cf. Oates v. Department of Health and Human Services*, 64 M.S.P.R. 349, 351 (1994) (finding that status quo ante relief does not require that an individual be placed in a better position than if the challenged action had not occurred).

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter.  5 C.F.R. &sect 1201.113. You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate

---

[5] Even if the appellant had died during the period of retroactivity, there would have been nothing to prevent his wife from actually obtaining survivor benefits by challenging OPM's failure to process the 2005 survivor annuity election.  *See generally* 5 U.S.C. § 8461(e)(1) (providing Board appeal rights to individuals whose rights or interests under FERS are affected by an agency decision).

[6] OPM has advised the Board that it may seek recovery of any debt remaining upon an appellant's death from the appellant's estate or other responsible party.  A party responsible for any debt remaining upon the appellant's death may include an heir (spouse, child, or other) who is deriving a benefit from the appellant's Federal benefits, an heir or other person acting as a representative of the estate if, for example, the representative fails to pay the United States before paying the claims or other creditors in accordance with 31 U.S.C. § 3713(b), or transferees or distributers of the appellant's estate.  *Pierotti v. Office of Personnel Management*, 124 M.S.P.R. 103, ¶ 13 (2016).

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.